UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
JUAN MANUEL ZAMBRANO, JAMIE MOSQUERA, JUAN
TZOC, and JOSE YANEZ, individually and on behalf of all others
similarly situated,           CIVIL ACTION NO.

                Plaintiffs,

                                                                                                                  COMPLAINT

                -against-

BUILDINGRITE LLC D/B/A BUILDING RITE, BERNARDO
JIMENEZ, RODRIGO BORJA, and DIEGO ORELLANA BORJA,

                Defendants.
-------------------------------------------------------------------------------X

        Plaintiffs Manual Zambrano, Jamie Mosquera, Juan Tzoc, and Jose Yanez (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Buildingrite LLC d/b/a Building Rite ("Building Rite"), Bernardo Jimenez, Rodrigo Borja ("Rodrigo"), and Diego Orellana Borja ("Diego") (collectively "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

        1.     This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq*. and 650 *et seq*.

        2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

        3.     This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

1

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the state of New York.

6. At all relevant times, Plaintiffs were employed by Defendants as construction workers.

7. While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

9. Defendant Building Rite is a domestic limited liability company with its principal place of business located at 50 Bogart Street, Brooklyn, NY 11206.

10. Building Rite provides building construction services.

11. Building Rite is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, employed Plaintiffs.

12. Defendant Jimenez is an individual residing, upon information and belief, in the state of New York.

13. Defendant Rodrigo is an individual residing, upon information and belief, in the state of New York.

14. Defendant Diego is an individual residing, upon information and belief, in the state of New York.

15. At all relevant times, Jimenez, Rodrigo, and Diego were and still are owners, officers, directors, shareholders, and/or persons in control of Building Rite, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

16. At all relevant times, Jimenez, Rodrigo, and Diego exercised sufficient control over Plaintiffs' day-to-day operations to be considered their employers under the FLSA and NYLL.

17. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

18. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

19. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20. Upon information and belief, the FLSA Collective Plaintiffs consist of approximately thirty (30) similarly situated current and former employees of Defendants, who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

21. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes,

*inter alia*, failing to provide their employees overtime compensation for all hours worked in excess of forty (40) per week.

22. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

<u>Manuel Zambrano</u>

25. Defendants employed Zambrano as a construction worker from on or around January 1, 2015, until on or around June 8, 2020.

26. As a construction worker, Zambrano's job duties included, *inter alia*, building renovations and project installations, mixing cement, painting, and tiling floors.

27. From in or around January 1, 2015 until the end of his employment, Zambrano was scheduled to work on Mondays through Saturdays from approximately 7:00 a.m. until approximately 3:00 p.m. or from approximately 8:00 a.m. to approximately 4:00 p.m., with a forty-five minute break each day. However, Zambrano regularly worked 2 to 3 additional hours per day beyond his scheduled hours, for a total of approximately fifty-eight and a half (58.5) hours worked per week.

28. From the start of Zambrano's employment until in or around 2018, Defendants tracked the hours that Zambrano worked by requiring Zambrano to punch in and out on their time keeping machine.

29. From in or around 2018 until the end of Zambrano's employment, Defendants tracked the hours that Zambrano worked by requiring Zambrano to punch in and out on an application on Zambrano's cell phone.

30. Throughout his employment, Zambrano was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per week.

31. From the beginning of the relevant time period until in or around March 2020, Defendants compensated Zambrano $20.00 per hour, regardless of the number of hours Zambrano worked each week.

32. From in or around March 2020 until the end of Zambrano's employment, Defendants compensated him $25.00 per hour, regardless of the number of hours Zambrano worked each week.

33. From in or around April 2020 until the end of Zambrano's employment, Defendants stopped paying Zambrano any of his wages owed to him.

34. Throughout his employment with Defendants, Zambrano was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked, as well as overtime compensation for all hours worked in excess of forty (40) per week.

35. However, Zambrano was not paid the minimum wage for all hours worked and was not paid overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week.

36. Throughout his employment, Zambrano was paid his wages every two weeks, entirely in cash, with no accompanying paystub.

37. Defendants failed to furnish to Zambrano, with each wage payment, a statement listing his regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

38. Zambrano also did not receive a notice at the time of hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

39. Defendants violated federal and state law by willfully failing to pay Zambrano the statutory minimum wage for all hours worked; failing to provide Zambrano with timely wages; failing to provide Zambrano with overtime compensation; and failing to provide Zambrano with the required wage and payroll notices under NYLL §§ 195(1) and (3.).

Jamie Mosquera

40. Defendants employed Mosquera as construction worker from on or around January 1, 2015 until on or around January 20, 2022.

41. As a construction worker, Mosquera's job responsibilities included, *inter alia*, building renovations and project installations, mixing cement, painting, and tiling floors.

42. From on or around January 1, 2015 until in or around March 2018, Mosquera worked Mondays through Saturdays from approximately 7:00 a.m. until approximately 3:30 p.m., with a thirty minute break, for a total of forty-eight (48) hours per week. During this time period, Mosquera worked for Defendants for two (2) to three (3) months out of the year.

43. From in or around April 2018 until on or around January 20, 2022, Mosquera worked for Defendants throughout the year, Mondays through Saturdays from approximately

7:00 a.m. until approximately 5:00 p.m., with a thirty minute break, for a total of fifty-seven (57) hours per week.

44. From the start of Mosquera's employment until in or around 2018, Defendants tracked the hours that Mosquera worked by requiring Mosquera to punch in and out on their time keeping machine.

45. From in or around 2018 until the end of Mosquera's employment, Defendants tracked the hours that Mosquera worked by requiring Mosquera to punch in and out on an application on Mosquera's cell phone.

46. Throughout his employment, Mosquera was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per week.

47. From the beginning of the relevant time period until in or around June 2020, Defendants compensated Mosquera $15.00 per hour, regardless of the number of hours Mosquera worked each week.

48. From in or around June 2020 until in or around January 2021, Defendants compensated Mosquera $20.00 per hour, regardless of the number of hours Mosquera worked each week.

49. From in or around January 2021 until the end of Mosquera's employment, Defendants compensated him $22.00 per hour, regardless of the number of hours Mosquera worked each week.

50. Defendants originally compensated Mosquera every two weeks, entirely in cash, with no accompanying paystub. However, beginning sometime in or around 2018, Defendants failed to timely pay Mosquera every two weeks and instead paid Mosquera every three (3) to four (4) weeks.

51. Furthermore, from in or around April 2020 until the end of Mosquera's employment, Defendants failed to pay him for all hours worked.

52. Throughout his employment with Defendants, Mosquera was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked, as well as overtime compensation for all hours worked in excess of forty (40) per week

53. However, Mosquera was not paid at least the minimum wage for all hours worked and was not paid overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week.

54. Mosquera also did not receive a notice at the time of hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

55. Defendants further failed to furnish to Mosquera, with each wage payment, a statement listing his regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

56. Defendants violated federal and state law by willfully failing to pay Mosquera the statutory minimum wage for all hours worked; failing to provide Mosquera with timely wages; failing to provide Mosquera with overtime compensation; and failing to provide Mosquera with the required wage and payroll notices under the NYLL §§ 195(1) and (3).

<u>Juan Tzoc</u>

57. Defendants employed Tzoc as a construction worker from on or around January 1, 2017 until on or around October 1, 2021.

8

58. As a construction worker, Tzoc job responsibilities included, *inter alia*, building renovations and project installations, mixing cement, and tiling floors.

59. Throughout his employment, Tzoc worked Mondays through Saturdays from approximately 7:00 a.m. until approximately 3:00 p.m., with a thirty minute break, for a total of forty-five (45) hours per week.

60. From the start of Tzoc's employment until in or around 2018, Defendants tracked the hours that Tzoc worked by requiring Tzoc to punch in and out on their time keeping machine.

61. From in or around 2018 until the end of Tzoc's employment, Defendants tracked the hours that Tzoc worked by requiring Tzoc to punch in and out on an application on Tzoc's cell phone.

62. Throughout his employment, Tzoc was compensated at a fixed hourly rate for all hours worked, including those over forty (40) per week.

63. Throughout Tzoc's employment, Defendants compensated him $17.75 per hour, regardless of the number of hours he worked each week.

64. Throughout his employment, Tzoc was paid his wages every two weeks, entirely in cash, with no accompanying paystub.

65. However, from in or around April 2020 until the end of Tzoc's employment, Defendants failed to pay him for all hours worked.

66. Throughout his employment with Defendants, Tzoc was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked, as well as overtime compensation for all hours worked in excess of forty (40) per week.

67. However, Tzoc was not paid at least the minimum wage for all hours worked and was not paid overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week.

68. Tzoc also did not receive a notice at the time of hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

69. Defendants further failed to furnish to Tzoc, with each wage payment, a statement listing his regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

70. Defendants violated federal and state law by willfully failing to pay Tzoc the statutory minimum wage for all hours worked; failing to provide Tzoc with timely wages, failing to provide Tzoc with overtime compensation; and failing to provide Tzoc with the required wage and payroll notices under the NYLL §§ 195(1) and (3).

<u>Jose Yanez</u>

71. Defendants employed Yanez as a construction worker from on or around January 1, 2012 until on or around September 15, 2021.

72. As a construction worker, Yanez job responsibilities included, *inter alia*, building renovations and project installations, mixing cement, painting, and tiling floors.

73. From in or around 2015 until on or around January 2021, and from on or around April 2021 until September 15, 2021, Yanez was scheduled to work Mondays through Saturdays from approximately 7:00 a.m. until approximately 3:30 p.m., with a forty-five minute break. However, Yanez regularly worked 3 to 4 additional hours each day beyond his scheduled hours, for a total of approximately sixty-seven and one half (67.5) hours worked per week.

74. During the months of December, January, and February of each year of his employment, Yanez did not work beyond his scheduled hours, thus those months he worked approximately forty-six and one half (46.5) hours per week.

75. From in or around January 2021 until April 2021, Yanez was not employed by Defendants.

76. From the start of Yanez' employment until in or around 2018, Defendants tracked the hours that Yanez worked by requiring Yanez to punch in and out on their time keeping machine.

77. From in or around 2018 until the end of Yanez' employment, Defendants tracked the hours that Yanez worked by requiring Yanez to punch in and out on an application on Yanez cell phone.

78. Throughout his employment, Yanez was compensated at a fixed daily rate for all hours worked, including those over forty (40) per week.

79. Throughout his employment, Yanez was paid his wages entirely in cash, with no accompanying paystub.

80. From the beginning of the relevant time period until in or around January 2017, Defendants compensated Yanez $150.00 per day, regardless of the number of hours Yanez worked.

81. From in or around January 2017 until in or around January 2021, Defendants compensated Yanez $170.00 per day, regardless of the number of hours Yanez worked.

82. From in or around April 2021 until the end of Yanez' employment, Defendants compensated Yanez $225.00 per day, regardless of the number of hours Yanez worked.

83. However, from in or around April 2020 until the end of Yanez' employment, Defendants failed to pay him for all hours worked.

84. Throughout his employment with Defendants, Yanez was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked, as well as overtime compensation for all hours worked in excess of forty (40) per week

85. However, Yanez was not paid at least the minimum wage for all hours worked and was not paid overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week.

86. Yanez also did not receive a notice at the time of hire, or at any time thereafter, containing his rates of pay and the designated payday, or any other information required by NYLL § 195(1).

87. Defendants further failed to furnish to Yanez, with each wage payment, a statement listing his regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

88. Defendants violated federal and state law by willfully failing to pay Yanez the statutory minimum wage for all hours worked; failing to provide Yanez with timely wages; failing to provide Yanez with overtime compensation; and failing to provide Yanez with the required wage and payroll notices under the NYLL §§ 195(1) and (3).

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

89. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

90. Pursuant to the applicable provisions of 29 U.S.C. § 207, Plaintiffs and the FLSA Collective Plaintiffs were entitled to receive overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per week.

91. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

92. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) per week.

93. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

94. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

95. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of Plaintiffs' and the FLSA Collective Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Overtime Violations under the NYLL)*

96. Plaintiffs repeat and reallege all prior allegations set forth above.

97. Pursuant to the applicable provisions of NYLL § 650 *et seq.*, Plaintiffs were entitled to receive overtime compensation of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per week.

98. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

99. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half times their regular rate for each hour worked in excess of forty (40) hours per week.

100. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

101. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

102. Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Minimum Wage Violations under the FLSA)*

103. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

104. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for all hours worked.

105. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutory minimum wages for all of the hours they worked.

106. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required minimum wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

107. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

108. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(*Minimum Wage Violations under the NYLL*)

109. Plaintiffs repeat and reallege all prior allegations set forth above.

110. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to receive at least the statutory minimum wage for all hours worked.

111. Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs at least the statutory minimum wages for the hours they worked.

112. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

113. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

114. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of Plaintiffs' unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
*(Failure to Timely Pay Wages under the NYLL)*

115. Plaintiffs repeat and reallege all prior allegations set forth above.

116. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

117. During the relevant time period, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

118. During the relevant time period, Defendants failed to timely pay Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

119. Plaintiffs regularly worked in excess of forty (40) hours per work during their employment with Defendants.

120. Throughout the relevant time period, Defendants failed to pay Plaintiffs all wages earned by Plaintiffs, including both regular wages and overtime wages earned for all hours worked in excess of forty (40) per week, in violation of NYLL § 191(1)(a)(i).

121. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

122. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Payroll Notices under the NYLL)*

123. Plaintiffs repeat and reallege all prior allegations set forth above.

124. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

125. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), they are entitled to liquidated damages of $50.00 each per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

126. Judgement should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in the amount of $50.00 each per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Wage Statements under the NYLL)*

127. Plaintiffs repeat and reallege all prior allegations set forth above.

128. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: rate or rates of pay and basis thereof; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

129. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages of $250.00 each per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

130. Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action in the amount of $250.00 each per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

a) on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated

damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all minimum wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $50.00 each per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 each per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as is just and proper.

Dated: New York, New York
October 13, 2022

/s/ Eliseo Cabrera
Eliseo Cabrera
KATZ MELINGER PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
(212) 460-0047
edcabrera@katzmelinger.com
*Attorneys for Plaintiff*