```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN MANUEL ZAMBRANO, JAIME MOSQUERA,
JUAN TZOC, and JOSE YANEZ, individually and on behalf
of all others similarly situated,
                                                                            Civil Action No.
                          Plaintiffs,                                       1:22-cv-06175

                -against-

BUILDINGRITE LLC D/B/A BUILDING RITE,
BERNARDO JIMENEZ, RODRIGO BORJA, and DIEGO
ORELLANA BORJA,

                          Defendants.
------------------------------------------------------------------------X
```

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Juan Manuel Zambrano, Jaime Mosquera, Juan Tzoc, and Jose Yanez (collectively "Plaintiffs"), and defendant Bernardo Jimenez ("Jimenez" or "Defendant")[1] (Defendant together with Plaintiffs are referred to herein as the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") to settle all issues involved herein as follows:

1. **No Admission of Liability**. Jimenez, as a part of this Agreement, does not admit any violation of law or any liability to Plaintiffs as a result of or arising out of the matters set forth in the Complaint filed in the action entitled *Juan Manuel Zambrano, et al v. Buildingrite LLC d/b/a Building Rite, et al.*, Civil Action No.1:22-cv-06175, filed in the United States District Court for the Eastern District of New York (the "Pending Action").

2. **Dismissal of Pending Action**. The Parties agree that promptly upon the timely delivery and clearance of the Settlement Payment (as defined below) to Plaintiffs, Plaintiffs, through their attorneys, shall execute and deliver to Jimenez a Stipulation of Discontinuance with

---

[1] This Agreement applies to Plaintiffs and defendant Bernardo Jimenez only, and shall not apply to defendants Buildingrite LLC, Rodrigo Borja, and Diego Orellana Borja.

1

Prejudice of the Pending Action, with each party bearing its own fees and costs, in the form annexed hereto as **Exhibit A**. Upon receipt of the Stipulation of Discontinuance with Prejudice, Jimenez may execute and file the Stipulation of Discontinuance with Prejudice with the United States District Court, Eastern District of New York, without further notice. If the Court does not approve this Agreement, then the Parties agree to engage in good faith negotiations and make best efforts to modify this Agreement so as to obtain the Court's approval; and provided further that if, for any reason, the Court does not approve this Agreement and sign the Stipulation and Order of Dismissal, this Agreement shall immediately become null and void and of no further force or effect.

3. **Consideration**. Jimenez agrees to pay Plaintiffs the total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) (the "Settlement Payment"), which shall be allocated as follows:

   a. To Juan Manuel Zambrano: the amount of Eight Thousand Seventy-Eight Dollars and Fifty-Seven Cents ($8,078.57), from which no withholdings shall be taken, as and for alleged liquidated damages and alleged statutory violations of NYLL § 195(1) and (3);

   b. To Jaime Mosquera: the amount of Six Thousand Five Hundred Fourteen Dollars and Ninety-Eight Cents ($6,514.98), from which no withholdings shall be taken, as and for alleged liquidated damages and alleged statutory violations of NYLL § 195(1) and (3);

   c. To Juan Tzoc: the amount of Four Thousand Six Hundred Ninety Dollars and Seventy-Nine Cents ($4,690.79), from which no withholdings shall be taken, as and for alleged liquidated damages and alleged statutory violations of NYLL § 195(1)

2

and (3);

d. To Jose Yanez: the amount of Six Thousand Seven Hundred Seventy-Five Dollars and Fifty-Eight Cents ($6,775.58), from which no withholdings shall be taken, as and for alleged liquidated damages and alleged statutory violations of NYLL § 195(1) and (3); and

e. To Katz Melinger PLLC: the amount of Thirteen Thousand Nine Hundred Forty Dollars and Eight Cents ($13,940.08), from which no withholdings shall be taken, as and for attorneys' fees in the amount of Thirteen Thousand Twenty-Nine Dollars and Ninety-Six Cents ($13,029.96) and reimbursement for costs in the amount of Nine Hundred Ten Dollars and Twelve Cents ($910.12).

4. **Timing and Delivery of Settlement Payment.** Within ten (10) days of the Court's approval of this Agreement, Jimenez shall deliver the Settlement Payment to Plaintiffs' counsel, Katz Melinger PLLC, IOLA Trust Account via wire transfer pursuant to the wire instructions provided by Plaintiffs' counsel. Plaintiffs' Counsel will then distribute the Settlement Payment as provided in paragraph 3 of this Agreement. Plaintiffs' counsel will provide wire instructions to Jimenez concurrent with the execution of this Agreement.

5. **Confession of Judgment:** Concurrently with the execution of this Agreement, Jimenez shall execute an affidavit of judgment by confession ("Confession of Judgment") in the forms annexed hereto as **Exhibit B**. Jimenez hereby acknowledges and agrees that the Confession of Judgment will be held in escrow by Plaintiffs' counsel and will not be filed with the Court unless (i) Jimenez fails to timely pay any portion of the Settlement Payment ("Default"); and (ii) Jimenez fails to cure such Default within the Cure Period (as defined below). Should a Default occur, Plaintiffs or their counsel shall provide Jimenez with

written notice specifying such Default ("Notice of Default") via email at bernardjimenez30@gmail.com, with a copy sent via USPS First Class Mail to 157 Park Drive, Eastchester, NY 10709. Delivery of the Notice of Default by email shall constitute receipt of the notice of Default by Jimenez. Should the Default remain uncured for a period of five (5) days after the date on which Plaintiffs or their counsel sent the Notice of Default ("Cure Period"), Plaintiffs or their counsel may file the Confession of Judgment in a court of competent jurisdiction. Should Plaintiffs or their attorneys file the Confession of Judgment in court, Plaintiffs, through their attorneys, shall also file a Partial Satisfaction of Judgment crediting Jimenez with any payments made to Plaintiffs by Jimenez under this Agreement. In the event Plaintiffs are unable to enter judgment with the Confession of Judgment, then Plaintiffs may file suit for breach of this Agreement and recover from Jimenez liquidated damages in the mount of Eighty Thousand Dollars and Zero Cents ($80,000.00), less any payments made under this Settlement Agreement. In addition to their rights to enforce the Confession of Judgment or file suit for breach of this Agreement, Plaintiffs shall also have the right to recover from Jimenez all reasonable attorneys' fees and costs incurred by Plaintiffs which result from Plaintiffs' or their counsel's efforts to enforce this Agreement, to file the Confession of Judgment, and to enforce the Confession of Judgment, beginning from the date on which the Notice of Default was sent. Plaintiffs shall be entitled to make an application for reasonable attorneys' fees to the Court and to modify or amend the Confession of Judgment to include all fees and costs determined to be due by the Court. For the avoidance of doubt, in the event that Jimenez makes all required settlement payments pursuant to this Agreement, then the Confession of Judgment will automatically become null and of no effect.

6. **Indemnification:** Plaintiffs agree to indemnify and hold Jimenez harmless against any and all tax liabilities, claims, damages, and costs, including reasonable attorneys' fees that Jimenez may incur as a result of Plaintiffs' or their counsel's failure to pay any taxes on the Settlement Payment. Plaintiffs shall bear no responsibility for or in connection with Jimenez's failure to make any employers' contributions to payroll taxes related to the Settlement Payment.

7. **Plaintiffs' Release of Jimenez.** In consideration of the promises and actions of Jimenez set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Jimenez's obligations under this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Jimenez, including his successors and assigns, agents, representatives, insurers, heirs and attorneys, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, the Wage Theft Prevention Act, and/or any local, state, or federal wage statute, code, or ordinance relating to the wage and hour claims in the Pending Action (collectively referred to herein as the "Disputes").

It is expressly agreed and acknowledged that Plaintiffs are not releasing Jimenez from any claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever arising under any federal, state or local statute or regulation other than those concerning the Disputes that Plaintiffs may or may not have against Jimenez, including

5

Plaintiffs' rights to enforce the terms of this Agreement. It is expressly agreed and acknowledged that the Disputes do not include, and Plaintiffs are therefore not releasing, any claims or rights which as a matter of law cannot lawfully be waived or released, including but not limited to filing a claim for physical injury made pursuant to New York Workers' Compensation Law or from filing a claim for unemployment benefits.

8. **Jimenez's Release of Plaintiffs.** In consideration of the promises and actions of Plaintiffs set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Plaintiffs' obligations under this Agreement, Jimenez knowingly and voluntarily release and forever discharge Plaintiffs, their successors and heirs, and all of their past, present, and future representatives, agents, or attorneys, of and from any and all claims, known or unknown, arising out of Plaintiffs' employment with Jimenez which Jimenez has or may have against Plaintiffs.

9. **Mutual Non-Disparagement.** Plaintiffs agree that they will not make any comments that will disparage Bernardo Jimenez. Likewise, Bernardo Jimenez agrees that he will not disparage Plaintiffs. For purposes of this Agreement, the term "disparage" shall mean remarks, comments, statements, or communications (written or oral) that: (i) reflect adversely on the business affairs or practices of the person being remarked or commented upon; or (ii) impugn the character, honesty, integrity, morality, business acumen, or abilities in connection with any aspect of the operation of business of the person being remarked or commented upon. However, nothing herein shall preclude Plaintiffs from making accurate statement concerning the Action and the underlying facts and allegations therein, or this agreement.

    Notwithstanding the foregoing, should any Party be served with a valid subpoena

compelling them to provide testimony in connection with judicial and/or administrative proceedings, compliance with said subpoena or statements made during said testimony shall not, in and of itself, violate this Paragraph. However, in the event that Plaintiffs or Jimenez are served with a valid subpoena, the served party shall notify the other Party as soon as practical about the existence of such subpoena.

10. **Neutral References.** Jimenez agrees that, in response to any reference request concerning Plaintiffs, Jimenez shall only provide Plaintiffs' dates of employment and job title(s) from their employment with Jimenez.

11. **Governing Law.** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.

12. **Venue.** The parties hereto acknowledge that this Agreement is enforceable only in the federal and state courts of New York. Plaintiffs and Jimenez hereby waive any pleas of improper jurisdiction or venue in the United States District Court for the Eastern District of New York, and hereby specifically authorize any action brought upon the enforcement of this Agreement to be commenced or filed in the United States District Court for the Eastern District of New York, or any other court or agency located in Kings County, New York.

13. **Severability.** Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

14. **Headings.** The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

15. **Attorneys' Fees and Costs.** It is further agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action, except as otherwise specifically enumerated above. In any action to enforce the terms of this Agreement, the prevailing party shall be entitled to costs and attorneys' fees.

16. **Voluntary Settlement**. Plaintiffs hereby represent and warrant that they have entered into this Agreement of their own free will and accord.

17. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

18. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

19. **Execution in Counterpart.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. An electronic signature and/or a signed copy of this Agreement delivered by email or other means of electronic transmission, is deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

20. **Plaintiffs understand, represent, and agree that they:**

   a. Have carefully read and fully understood all of the provisions of this Agreement;

   b. Are, through this Agreement, releasing Jimenez from any and all wage and hour claims that Plaintiffs may have against Jimenez;

   c. Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

   d. Knowingly and voluntarily intend to be legally bound by this Agreement;

   e. Were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

   f. Are duly authorized and have full authority to execute this Agreement.

[SIGNATURES ON THE FOLLOWING PAGE]

9

Dated: 03/25/2025 10:23PM UTC                     Dated: _____

*Manuel Zambrano*

_____
JUAN MANUEL ZAMBRANO                              BERNARDO JIMENEZ

Dated: 03/26/2025 02:14AM UTC

[signature]

_____
JAIME MOSQUERA

Dated: 03/26/2025 11:38AM UTC

[signature]

_____
JUAN TZOC

Dated: 03/26/2025 09:49PM UTC

[signature]

_____
JOSE YANEZ

10

Dated: _____

_____
JUAN MANUEL ZAMBRANO

Dated: _____

_____
JAIME MOSQUERA

Dated: _____

_____
JUAN TZOC

Dated: _____

_____
JOSE YANEZ

Dated: 3/24/2025

_____
BERNARDO JIMENEZ

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN MANUEL ZAMBRANO, JAIME MOSQUERA,
JUAN TZOC, and JOSE YANEZ, individually and on behalf
of all others similarly situated,

                                         Plaintiffs,

Civil Action No.
1:22-cv-06175

-against-

BUILDINGRITE LLC D/B/A BUILDING RITE,
BERNARDO JIMENEZ, RODRIGO BORJA, and DIEGO
ORELLANA BORJA,

                                         Defendants.
------------------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE
## AS TO DEFENDANT BERNARDO JIMENEZ ONLY

**WHEREAS,** Plaintiffs filed a Complaint asserting claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS,** Plaintiffs and defendant Bernardo Jimenez have reached a settlement of this action and Plaintiffs' claims through arms' length negotiations and have entered into a Settlement Agreement and Release, filed on the Court's docket (the "Agreement"), formally memorializing the parties' settlement; and

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a dispute over a provision or provisions of the FLSA; the NYLL; and/or time worked;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, and ordered by this Court, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure as to Bernardo

12

Jimenez. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated: New York, New York

Dated: _____   Dated: _____

_____   _____
Katherine Morales, Esq.            Bernardo Jimenez
Katz Melinger PLLC                 157 Park Drive
370 Lexington Avenue, Suite 1512   Eastchester, NY 10709
New York, New York 10017           917-204-4477
T: 212-460-0047
F: 212-428-6811
kymorales@katzmelinger.com
*Attorneys for Plaintiffs*

So Ordered:

_____

13

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------------------X
JUAN MANUEL ZAMBRANO, JAIME MOSQUERA, JUAN   Index No.
TZOC, and JOSE YANEZ,

                                      Plaintiffs,

                                 -against-

 BERNARDO JIMENEZ,

                                    Defendants.
---------------------------------------------------------------------------X

## **AFFIDAVIT OF JUDGMENT BY CONFESSION**

STATE OF NEW YORK             )
                                         ) ss:
COUNTY OF WESTCHESTER  )

     Bernardo Jimenez, being duly sworn, deposes and declares, upon personal knowledge and under penalty of perjury, that the following is true and correct:

     1.    I am individually named as a defendant in the matter of *Juan Manuel Zambrano, et al v. Buildingrite LLC d/b/a Building Rite, et al.*, Civil Action No.1:22-cv-06175, which was brought in the United States District Court for the Eastern District of New York (the "Action"). I am fully familiar with all of the facts and circumstances recited herein based on personal knowledge and I am duly authorized to make this Affidavit of Judgment by Confession.

     2.    I reside in Westchester County at 157 Park Drive, Eastchester, NY 10709.

     3.    In connection with the Agreement filed in the Action (the "Agreement"), which is incorporated by reference and made a part hereof, I hereby confess judgment and authorize that judgment be entered in favor of the plaintiffs, Juan Manuel Zambrano, Jaime Mosquera, Juan Tzoc, and Jose Yanez ("Plaintiffs") and against me, Bernardo Jimenez in the amount of Eighty Thousand Dollars and Zero Cents ($80,000.00), with interest thereon from November 1, 2024.

4. I authorize entry of the aforementioned judgment in Westchester County, New York.

5. The sums confessed pursuant to this Affidavit of Judgment by Confession are justly due and owing to Plaintiffs under the following circumstances:

   a. Plaintiffs and I entered into the Agreement to settle Plaintiffs' claims brought in the Action, including claims for purported violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the New York Labor Law. Under the Agreement, which settled the Action as to myself, I promised to pay the gross sum of Forty Thousand Dollars and Zero Cents ($40,000.00) to Plaintiffs, as set forth in Paragraph 3 of the Agreement.

   b. I expressly agreed to confess a judgment of Eighty Thousand Dollars and Zero Cents ($80,000.00), which exceeds the amount owed to Plaintiffs under the Agreement, in consideration for Plaintiffs' agreement to file a Stipulation of Discontinuance with Prejudice in the Action as to myself prior to receiving all of the monies which Plaintiffs were owed under the Agreement.

   c. The Eighty Thousand Dollars and Zero Cents ($80,000.00) confessed under this Affidavit of Judgment by Confession is less than the damages to which Plaintiffs would be entitled were Plaintiffs to prevail on all of their alleged claims in the Action.

   d. In order to secure my obligations under the Agreement, I agreed to deliver this Affidavit of Judgment by Confession to counsel for Plaintiffs as part of the Agreement.

6. I waive all defenses, except actual payment, to the entry of this judgment

against me in the amount of Eighty Thousand Dollars and Zero Cents ($80,000.00), plus interest from November 1, 2024.

7. Judgment is not confessed with fraudulent intent, to protect my property from creditors, or to secure Plaintiffs against a contingent liability, and is not an installment loan within the prohibition of C.P.L.R. § 3201.

8. I consent to the personal jurisdiction of the federal and state Courts of the State of New York over this matter.

Dated: March 24, 2025

_____
Bernardo Jimenez

### ACKNOWLEDGMENT

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Westchester    )

On the 24 day of March 2025, before me personally came **Bernardo Jimenez**, to me known, who, by me duly sworn did depose that he executed the foregoing Affidavit of Personal Judgment by Confession.

_____
Notary Public

PATRICE PORTANOVA
Notary Public - State of New York
No. 01P05166025
Qualified in Westchester County
My Commission Expires May 14, 2027

17