UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN MANUEL ZAMBRANO, *et. al*,

                     Plaintiffs,

    -against-                                **ORDER**
                                             22 CV 6175 (NCM) (CLP)

BUILDINGRITE LLC, *et al.*,

                     Defendants.
----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On October 13, 2022, plaintiffs Juan Manuel Zambrano, Jaime Mosquera, Juan Tzoc, and Jose Yanez commenced this action against defendants Buildingrite, LLC, d/b/a Building Rite ("Buildingrite"); Bernardo Jimenez ("Jimenez") (together, "Buildingrite defendants"); Rodrigo Borja; and Diego Orellana Borja,[1] on behalf of themselves and all others similarly situated. (Compl.[2]). Plaintiffs alleged unpaid minimum and overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq*. and 650 *et seq.*; and for violations of NYLL's timely wages and wage statement and wage notice provisions. (Id.)

      Pending before this Court is a joint motion for settlement approval between plaintiffs and defendant Jimenez, filed on February 21, 2025 (the "Motion"). (ECF No. 68). For the reasons set forth below, the Motion is granted.

                              FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiffs allege that they were employed by defendants as construction workers; plaintiff Zambrano was employed from January 2015 until June 2020; plaintiff Mosquera from January

---

[1] Defendants Rodrigo Borja and Diego Orellana Borja have not appeared in this action.
[2] Citations to "Compl." refer to plaintiffs' Complaint, filed October 13, 2022 (ECF No. 1).

1

2015 until January 2022; plaintiff Tzoc from January 2017 until October 2021; and plaintiff Yanez from January 2012 until September 2021. (Compl. ¶¶ 25, 40, 57, 71). Plaintiffs allege that they frequently worked over 40 hours per week, but that defendants compensated them at a fixed hourly or daily rate regardless of the number of hours worked each week. (Id. ¶¶ 27, 30, 42, 46, 59, 62, 74, 78). Plaintiffs claim violations of minimum wage and overtime wage requirements in connection with these allegations. Plaintiffs further allege that defendants failed to pay plaintiffs on a weekly basis and that defendants did not furnish plaintiffs with the required wage statements and wage notices under the NYLL. (Id. ¶¶ 118, 124-125, 128-129).

On November 8, 2023, the district court denied the Buildingrite defendants' motion to dismiss plaintiffs' fifth cause of action for failure to timely pay wages, and the case thereafter proceeded through discovery. (ECF No. 44). On February 13, 2024, counsel for the Buildingrite defendants filed a motion to withdraw, which this Court granted on April 4, 2024. (ECF No. 50). Since then, defendant Jimenez has been proceeding in this action *pro se*. As to defendant Buildingrite, the Court advised plaintiffs that they could seek an entry of default, as corporations may not proceed in federal court *pro se*. (See, e.g., ECF No. 58); La Barbera v. Federal Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009). Plaintiffs did not seek an entry of default as to defendant Buildingrite.

On February 21, 2025, plaintiffs filed their Motion for Settlement Approval, together with the Buildingrite defendants. (ECF No. 68). On March 11, 2025, this Court held a fairness hearing pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015). (See Minute Entry, dated 3/12/2025). At the hearing, the parties were advised that the settlement agreement could not be approved while defendant Buildingrite LLC, which does not have counsel, is a party to the agreement, as corporations may not proceed *pro se* in federal court.

2

Plaintiffs' counsel indicated that she would file a notice of voluntary dismissal as to the corporate defendant. (ECF No. 70). The Court then Ordered plaintiffs' counsel to file the notice of voluntary dismissal and a revised settlement agreement, which Order counsel complied with on March 28, 2025. (ECF Nos. 70, 71, 72).

On April 4, 2025, the parties consented to magistrate judge disposition on the Motion for Settlement Approval. (ECF Nos. 73, 74).

## DISCUSSION

### I. Legal Standard

Parties may not "privately settle FLSA claims with a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41 absent the approval of the district court . . . ." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020) (citing Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 200 (2d Cir. 2015)). In determining whether to approve an FLSA settlement, courts consider whether the agreement "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 WL 9398950, at *1 (E.D.N.Y. June 12, 2008) (alteration in original) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)). Courts within this Circuit have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

3

Fisher v. SD Prot. Inc., 948 F.3d at 600 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (applying the Wolinsky factors).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d at 606 (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at 606. Rather, if a court finds one or more provisions of an FLSA settlement agreement to be unreasonable, the court must reject the proposed settlement. Id. at 605.

II.   Analysis

On February 21, 2025, plaintiffs filed their Motion for Settlement Approval jointly with the Buildingrite defendants. (Mot.[3]). In support of the Motion, plaintiffs attached a copy of the initial proposed settlement agreement (ECF No. 68-1), along with billing records in support of their request for attorneys' fees (ECF No. 68-2). On March 28, 2025, after voluntarily dismissing defendant Buildingrite as a party to this action, plaintiffs filed a revised settlement agreement which only includes defendant Jimenez and does not include defendant Buildingrite (the "Agreement"). (Agr.[4]).

The Court addresses each of the relevant terms of the Agreement in turn and, for the reasons discussed below, finds that the terms of the Agreement are fair and reasonable.

---

[3] Citations to "Mot." refer to plaintiffs' Joint Motion for Settlement Agreement Approval, filed on February 21, 2025 (ECF No. 68).
[4] Citations to "Agr." refer to the Settlement Agreement and Release between plaintiffs and defendant Jimenez, filed on March 28, 2025 (ECF No. 72).

1. <u>Settlement Amount</u>

The parties agreed to resolve plaintiffs' claims for $40,000.00 (the "Total Settlement Amount"). (Mot. at 3; Agr. ¶ 3). The Total Settlement Amount is structured to compensate plaintiffs as follows:

- $8,078.57 to plaintiff Zambrano;
- $6,514.98 to plaintiff Mosquera;
- $4,690.79 to plaintiff Tzoc;
- $6,775.58 to plaintiff Yanez;
- $13,940.08 in attorneys' fees and costs.

(Agr. ¶ 3).

Plaintiffs believe that the Total Settlement Amount is reasonable given time and costs associated with continuing litigation and the risks associated with proceeding to trial, including that plaintiffs may be unable to collect on a judgment at trial given the financial precarity of defendant.[5] (Mot. at 3). Moreover, plaintiffs note that settlement was reached "after extensive negotiations between the parties," where plaintiffs were represented by competent counsel. (<u>Id.</u>) Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiffs would face in pursuing their claims, and seeing no issues regarding potential coercion, fraud, or collusion in this case, the Court finds that the settlement amount reached is a fair and reasonable compromise. <u>See</u> <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d at 335.

2. <u>Attorneys' Fees and Costs</u>

A court reviewing a request for attorneys' fees in connection with an FLSA settlement is required to examine the fee request for reasonableness, and the attorneys to whom the fee is to be

---

[5] While the Motion still refers to both Buildingrite defendants, given that defendant Buildingrite has been voluntarily dismissed from the action and no longer appears in the settlement agreement, the Court refers only to defendant Jimenez in the analysis.

5

paid must submit adequate documentation supporting the request. See, e.g., Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015); Fisher v. SD Prot. Inc., 948 F.3d at 600. Courts in this Circuit have routinely found an award representing one-third of the settlement amount (after deduction of costs) to be reasonable, although courts will also engage in a lodestar analysis to confirm the reasonableness of the fee request. See Allen v. County of Nassau, No. 22 CV 1572, 2023 WL 4086457, at *5 (E.D.N.Y. June 20, 2023) (collecting cases). Ultimately, the goal is to sufficiently compensate plaintiffs' counsel for the risk associated with taking on contingent fees in FLSA cases without unduly deducting from the plaintiffs' total recovery. See Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (noting that "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

Counsel seeks an award of attorneys' fees and costs totaling $13,940.08, representing $13,029.96 in fees as one-third of the settlement, plus $910.12 in costs. (Mot. at 5; Agr. ¶ 3). The submitted billing records indicate that Katz Melinger PLLC billed $99,102.00 for 281.20 hours of work by multiple attorneys. (ECF No. 68-2). Given that this case commenced in 2022, around two and a half years ago, and considering that the total award represents a significant discount from the amount counsel actually billed, the Court finds the award of attorneys' fees and costs to be fair and reasonable.

### 3. Non-Monetary Terms

According to the Agreement, plaintiffs agree to release defendant from all claims of any alleged wage and hour violations arising out of the current action. (Agr. ¶ 7). The release is limited to wage and hour and other employment claims arising from plaintiffs' relationship with defendant. (Id.) A limited release such as this does not offend Cheeks. See Lazaro-Garcia v.

6

Sengupta Food Servs., No. 15 CV 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (stating "[i]f the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action"); cf. Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release "from all actions and/or claims for unpaid overtime or wages . . . and any other actions and/or claims . . . , known or unknown" violated the FLSA).

The Court also notes that the Agreement does not contain any confidentiality clauses regarding the alleged claims, non-employment clauses, or non-disparagement clauses that do not contain a carve-out for truthful statements, all of which have previously been rejected by courts in this Circuit.  See Lopez v. Bell Blvd Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (collecting cases and explaining that confidentiality and broad general release clauses are impermissible), report and recommendation adopted, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017) (holding that a settlement clause in which plaintiffs agree to never seek re-employment with defendant contravenes the FLSA); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (holding that for a non-disparagement clause to be permissible in an FLSA settlement agreement, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case").

Based on a review of the Settlement Agreement, the Court finds no other non-monetary provisions that would offend Cheeks.

CONCLUSION

For the reasons set forth above, the Motion for Settlement Approval is granted. After holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reflected in the Agreement is a fair and reasonable compromise of plaintiffs' claims. The Court reached its determination after considering the amount received, the issues that might have limited recovery, and the fact that the parties engaged in arms' length negotiations and plaintiffs were represented by experienced counsel. See Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 355 (examining the factors courts consider when approving FLSA settlement agreements). The stipulation of dismissal is due by **April 18, 2025**.

The Court will send a copy of this Order to defendant Jimenez by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 4, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York